## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THADDAUS MUMFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LARRY HARRELSON, Individually, | ) | 1:04CV00017 |
| FIDELITY and DEPOSIT COMPANY | ) | |
| OF MARYLAND, SURETY, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On Wednesday December 13, 2006, in open court the undersigned announced the intention to dismiss this case with prejudice as a sanction for Plaintiff's repeated failure to comply with various orders and directives from the court. This written order is intended to memorialize the reasons for the court's dismissal.[1]

On January 15, 2004, pro se Plaintiff Thaddaus Mumford filed a lawsuit against a Richmond County employee and the county's surety, alleging that Plaintiff's civil rights were violated when he was placed under arrest without probable cause in violation of Section 1983. Plaintiff was initially represented by attorney Romallus Murphy, but Mr. Murphy has since withdrawn as counsel for Plaintiff, and Plaintiff's current status is pro se. While he was represented by Mr. Murphy, Plaintiff willfully failed to appear at the parties' mandatory mediation conference that had

_____

[1] The parties have consented to the jurisdiction of a magistrate judge.

been scheduled for February 23, 2006.  In an order dated July 11, 2006, this court sanctioned Plaintiff for his failure to appear at the mediation conference by requiring him to pay the mediator's fees and Defendants' attorney's fees and costs associated with his failure to appear.  The court ordered Plaintiff to make both of these payments no later than Monday, July 31, 2006.  The court warned Plaintiff that if he did not make timely payments he faced dismissal with prejudice as a sanction.

Despite the court's order to pay the fees, Plaintiff refused to pay the fees.  On August 29, 2006, the undersigned held a status conference, with both Plaintiff and his former attorney Romallus Murphy in attendance.  At the conference, Plaintiff was given an opportunity to explain to the court why he did not attend the mediation conference and why he had still not paid the court-ordered fees.  Plaintiff told the court that he did not attend the mediation because Mr. Murphy told him that it was not court-ordered and, in his opinion, he should not have to pay the fees.  Mr. Murphy, on the other hand, told the court that he informed Plaintiff that Plaintiff's participation at the mediation was, in fact, required, and that counsel had "begged" Plaintiff to come to the mediation.  In response to counsel's explanation of events, Plaintiff accused counsel of lying.  The court found Plaintiff's explanation for why he did not attend the mediation to be not credible, and the court gave Plaintiff until September 8, 2006, to pay the fees and costs for failure to attend the mediation or else, again, face dismissal with prejudice.  Plaintiff paid the fees by the deadline, and he has appealed the court's fee ruling.

-2-

The case then went on, with trial set to commence Monday December 18. On December 5, the undersigned informed the parties that they were required to convene on Wednesday, December 13, in Durham for the purpose of conducting a final pre-trial conference. *See* FED. R. CIV. P. 16(c) & (d). The purpose of the final pre-trial conference was to formulate a final pre-trial order so that various procedural matters could be hammered out before the trial. On Monday December 11, Plaintiff filed a "Motion to Suspend Trial Date and any Further Proceedings until Plaintiff Have an Attorney." Attached to the motion was a letter dated December 8 and addressed to the undersigned, stating in full: "I received your letter concerning a final pre-trial conference on 12-13-06. At this time I do not have an Attorney to represent me. For this reason, I will not be at your final pretrial conference." On Tuesday, December 12, at the direction of the undersigned, a deputy clerk contacted Plaintiff and informed him that not attending the final pre-trial conference was not an option, that is, his attendance was required. Plaintiff reiterated to the clerk's office that he was not going to attend.

Plaintiff dutifully kept his word and he, in fact, did not appear at the December 13 conference. Defense counsel Tracy Eggleston did, however, appear. Also present at the conference was the court's Deputy Clerk Wanda Williamson, who testified as to the conversation she had with Plaintiff in which Plaintiff informed her that he was not going to attend the conference. Furthermore, at the hearing held December 13, defense counsel informed the court that Plaintiff had not submitted

-3-

any pre-trial disclosures to Defendants.[2]  In open court, the undersigned dismissed Plaintiff's case with prejudice as a sanction for Plaintiff's obstinate, obdurate, and contumacious behavior towards the court.

Dismissal As Sanction

Rule 37 provides that parties in civil proceedings must comply with discovery requests, court orders regarding discovery, and discovery plans, and it allows a court to issue sanctions for failure to comply.[3]  The Fourth Circuit has held that a court contemplating dismissal as a sanction for failure to comply with discovery orders must consider four factors: (1) whether the non-complying party acted in bad faith; (2) the degree of prejudice suffered by the other parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for this sort of non-compliance; and (4) the efficacy of a less drastic sanction.  *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).  Moreover, Rule 41(b) allows a court to dismiss a claim for failure of the plaintiff to prosecute the claim or for the plaintiff's failure to comply with court orders regarding the litigation.

---

[2] Under FED. R. CIV. P. 26(a)(3) and/or Local Rule 40.1, parties are required to submit certain pre-trial disclosures, such as a trial brief, witness list, a list of the documents or other exhibits to be offered into evidence, and proposed jury instructions. By the December 13 conference, the deadline for Plaintiff to submit these materials had come and gone.  Plaintiff did file, on November 24, a motion requesting that the court extend the time to submit pre-trial disclosures. Plaintiff argued that he needed an extension because he was unable to find a lawyer to represent him.

[3] Rule 16(f) provides that, for violations of the rule, sanctions under Rule 37 are available.

The test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37, and requires a judge to consider (1) the degree of the plaintiff's personal responsibility for the failures; (2) the amount of prejudice caused to the defendant; (3) the existence of a history of the plaintiff deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *See Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). The Fourth Circuit has also stated that before a dismissal a court must give a plaintiff a "clear and explicit warning" of the consequences of failing to satisfy the court's conditions and orders. *See Choice Hotels Int'l, Inc. v. Goodwin and Boone,* 11 F.3d 469, 472 (4th Cir.1993). Dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith.

Here, the court finds that Plaintiff has displayed extreme bad faith by repeatedly ignoring the rules of procedure as well as the orders of the court. Plaintiff has blatantly ignored directives by the court, including his obstinate refusal to attend a court-ordered mediation conference and his subsequent initial refusal to pay the court-awarded fees for his failure to attend, and then, finally, his refusal to attend the final pre-trial conference. The court has throughout these proceedings repeatedly warned Plaintiff that his failure to comply with court orders could result in dismissal with prejudice. Plaintiff is personally and directly responsible for his mulish behavior. Indeed, throughout this litigation, Plaintiff has repeatedly failed to grasp the elemental principle that while certain matters in life do tend to be optional,

attendance at court-ordered proceedings is not. Moreover, Plaintiff's failure to submit any pre-trial materials to defense counsel, here on the eve of trial, renders defense counsel unable to discern what evidence Plaintiff plans to present at trial and leaves defense counsel wholly unprepared to go forward with the defense. The court will not condone such behavior and further finds that any sanction less than dismissal would only reward Plaintiff's contumacious and dilatory behavior, would encourage other litigants to likewise disregard procedural requirements, and would significantly prejudice Defendants in their ability to prepare for trial. Thus, this order sets out in writing what the court has already announced in open court: This case is **DISMISSED WITH PREJUDICE**. A Judgment conforming to this Order is entered simultaneously herewith.

**IT IS SO ORDERED.**

WALLACE W. DIXON
United States Magistrate Judge

December 14, 2006