IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| THADDAUS MUMFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| LARRY HARRELSON, Individually, ) | 1:04CV17 |
| FIDELITY and DEPOSIT COMPANY ) | |
| OF MARYLAND, SURETY, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on a "Motion to reopen the case, to grant an appeal, and for the court to grant a status conference" (docket no. 66) by pro se Plaintiff Thaddaus Mumford. For the following reasons, the motion will be denied.

**BACKGROUND**

On January 15, 2004, pro se Plaintiff Thaddaus Mumford filed a lawsuit against a Richmond County employee and the county's surety, alleging that Plaintiff's civil rights were violated when he was placed under arrest without probable cause in violation of section 1983. By order dated December 14, 2006, the court dismissed Plaintiff's case with prejudice, and a judgment was entered on the same day. Under Rule 4(a) of the Federal Rules of Appellate Procedure, the deadline for filing an appeal following the entry of the December 14, 2006, judgment was January 15, 2007. Mumford contends that he filed a Notice of Appeal with the court on January 10, 2007, by sending a letter to the court by certified mail. By letter dated

May 9, 2007, the Court of Appeals notified Mumford that it did not have any information regarding Mumford's alleged January 10, 2007, appeal. On June 1, 2007, Mumford filed the pending "Motion to reopen the case, to grant an appeal, and for the court to grant a status conference," in which he seeks, among other things, to reopen the time for filing an appeal.

**DISCUSSION**

According to the Defendants, because Mumford is seeking to file an appeal past the thirty-day deadline, the pending motion is best characterized as either a motion for extension of time under Rule 4(a)(5) of the Federal Rules of Appellate Procedure or a motion for reopening the time to file an appeal under Rule 4(a)(6). Rule 4(a)(5)(A) provides, in pertinent part:

> (5) Motion for Extension of Time.
>
> (A) The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A)(i). Thus, under the plain language of Rule 4(a)(5)(A), the movant must meet two conditions. First, under part (i), he must show that he moved for an extension of time to file no later than 30 days after the time to file the notice of appeal has expired, *i.e.*, he must show that he moved for an extension within 60 days from the judgment. If he can satisfy part (i), he then must show "excusable neglect" under part (ii). Here, it is undisputed that Mumford did not move for an

extension of time to file a notice of appeal within the thirty-day time limit set forth in part (i) of Rule 4(a)(5). It appears, then, that under the plain language of Rule 4(a)(5), the inquiry stops here, and the motion must be denied.

In light of the circumstances of this case, however, this appears to be a harsh result. In support of his motion, Mumford argues that he filed a timely Notice of Appeal by sending a letter dated January 10, 2007, to the clerk's office. As noted, the deadline for filing a Notice of Appeal was January 15, 2007. Mumford has attached a letter as well as a certified mail receipt to show that he mailed a Notice of Appeal in this action to the Clerk of Court for the United States District, Middle District of North Carolina, on January 10, 2007. The file contains the original certified mail receipt, showing that on January 12, 2007, the clerk's office did, in fact, receive the receipt that Plaintiff contends was attached to the letter. A handwritten notation next to the certified mail receipt states "Appeal fee sent to Clerk's office and returned to Mr. Mumford." Thus, the handwritten notation confirms that the clerk's office received Mumford's filing fee of $455 but that, for whatever reason, the clerk's office returned the fee to Mumford and did not file the Notice of Appeal. The file does not contain the letter that Mumford contends was his written Notice of Appeal from the order of December 14, 2006, dismissing his case. Mumford has attached a copy of a letter, which states:

> I Thaddaus Mumford, in Civil Action No. 1:04-CV-00017 is appealing Magistrate Judge Wallace W. Dixon last ruling in my case.
> I have already paid $455 for an appeal in this case but was

-3-

dismissed, with a possible rehearing in my case. I have ask [sic] for a rehearing in my case to the United States Court of Appeals For the Fourth Circuit[] in Richmond Va. But, if I must pay again for an Appeal, here is a check for $455.00."

Therefore, it does appear that Mumford attempted to file a Notice of Appeal within the deadline to do so, and the contents of his Notice of Appeal are sufficient to meet the requirements of Rule 3(c) of the Federal Rules of Appellate Procedure.[1]  *See* FED. R. APP. P. 3(c).

It is not clear why the clerk's office did not docket the Notice of Appeal when it received Mumford's letter stating that he wished to file the Notice of Appeal. It is possible that the clerk's office mistakenly believed that Mumford's attempt to file a Notice of Appeal was redundant. That is, the record reveals that on September 18, 2006, Mumford filed an appeal with the Court of Appeals, seeking a review of an order dated July 10, 2006, requiring Mumford to pay certain sanctions for failing to appear at a required mediation conference (*see* docket no. 43). On December 14, 2006, the Court of Appeals dismissed that appeal as interlocutory. Plaintiff subsequently filed a petition for rehearing (*see* docket no. 62), and on March 30,

---

[1] Rule 3(c) of the Federal Rules of Appellate Procedure provides in pertinent part:

(1) The notice of appeal must:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice . . . .; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken.

FED. R. APP. P. 3(c).

2007, the Court of Appeals again dismissed the appeal from the sanctions order (*see* docket no. 65.) Thus, the docket report shows that Plaintiff had already filed one Notice of Appeal in this case–that is, an appeal from the court's July 10, 2006, order requiring Plaintiff to pay sanctions, and the Court of Appeals dismissed that appeal as interlocutory. It is possible that, upon receiving Plaintiff's purported Notice of Appeal dated January 10, 2007, the clerk's office mistakenly believed that Mumford was intending to file a second appeal from the court's July 10, 2006, ruling ordering sanctions rather than from the December 14, 2006, ruling dismissing Mumford's case. Indeed, this may explain why the clerk's office returned the filing fee to Mumford. Moreover, as Plaintiff's Notice of Appeal letter indicates, he was not sure whether he had to file a separate fee for each of his two appeals. Thus, even if the fee was returned to Plaintiff, who is proceeding pro se, this would not necessarily have alerted him that the clerk's office did not file his Notice of Appeal as he requested before the January 15, 2007, deadline to do so. To be sure, according to Plaintiff he did not learn that his appeal had not been filed until he received the letter from the Court of Appeals dated May 9, 2007, informing him that it had no record of an appeal taken in January 2007.

Nevertheless, under the plain language of Rule 4(a)(5)(A), the court cannot grant Plaintiff's motion to reopen because he failed to file his Rule 4(a)(5) motion within 30 days of the deadline for filing his appeal from the December 14, 2006, judgment. Because Plaintiff fails to meet part (i) of Rule 4(a)(5)(A), the court does

not address whether he can show excusable neglect under part (ii). Nor can Plaintiff satisfy Rule 4(a)(6), which allows a court to reopen the time for filing an appeal under certain circumstances. See FED. R. APP. P. 4(a)(6). To obtain relief under Rule 4(a)(6), a plaintiff must show, among other things, that he never received notice of entry of the judgment dated December 16, 2006. Mumford has not provided any evidence that he did not receive notice of the entry of judgment in this action. In fact, the Notice of Appeal that he attempted to file evidences his receipt of the judgment.

For all these reasons, Plaintiff is barred from appealing the December 14, 2006, dismissal of his case. This result is arguably unfair to Plaintiff since it appears that a mistake by the clerk's office contributed to the failure of Plaintiff to file a timely Notice of Appeal. In any event, it was Mumford's duty ultimately to follow up with the clerk's office to ensure that the notice of appeal had been filed within the time limit to do so. Plaintiff could have contacted the clerk's office immediately after mailing the Notice of Appeal to confirm that it was filed by the deadline. If he had taken this step, he would have learned that his Notice of Appeal had not been filed, and he then would have the additional thirty days to file the motion for extension of time under Rule 4(a)(5)(A)(i). Moreover, although he is proceeding pro se, Plaintiff is not incarcerated. Thus, as an alternative, he could have hand-delivered the Notice of Appeal to the clerk's office and watched as the clerk clocked in the Notice. He did not do any of these things. In any event, the court is constrained under the plain language of Rule 4(a)(5)(A)(i) to deny Plaintiff's motion to file an appeal from the

December 14, 2006, order. The court also denies Plaintiff's request for a "status conference," as this request is a purported attempt to obtain a hearing on the court's previous ruling requiring Plaintiff to pay sanctions for failing to attend a scheduled mediation conference.

**CONCLUSION**

For the reasons stated herein, Plaintiff's "Motion to reopen the case, to grant an appeal, and for the court to grant a status conference" (docket no. 66) is **DENIED**.

**IT IS SO ORDERED.**

_____
WALLACE W. DIXON
United States Magistrate Judge

July 25, 2007